IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDRE CREAIG,<br><br>                Plaintiff,<br><br>   v.<br><br>CAMDEN COUNTY POLICE DEPARTMENT; DETECTIVE ANGEL CAMACHO,<br><br>                Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 18-0059 (JBS-KMW)<br><br>**OPINION** |

APPEARANCES:

Andre Creaig, Plaintiff Pro Se
912 Burberry Ct.
Sicklerville, NJ 08081

**SIMANDLE, District Judge:**

I.  **INTRODUCTION**

    Before the Court is Plaintiff Andre Creaig's ("Plaintiff"), submission of a civil rights complaint. Docket Entry 1. At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915 to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint will be dismissed without prejudice, with the exception of two claims that shall be dismissed with prejudice.

## II. BACKGROUND

Plaintiff brings this civil rights action against the Camden County Police Department ("CCPD") and Detective Angel Camacho. The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the truth of Plaintiff's allegations.

Plaintiff, formerly a prisoner at South Woods State Prison, alleges that CCPD and Detective Camacho "failed to charge victim/purp [sic] during questioning for implicating themselves first hand in criminal activity against myself the accused" on February 12, 2017. Complaint ¶ 3(d). He goes on to state that "officials underminded [sic] the fact that during questioning the accuser to detectives that they broke the window and gained entry to the home in which I was residing not charging accusers of crimes implicated by themselves in police report . . . ." *Id.* ¶ 3(e). He later alleges Detective Camacho "pursue[d] victim and witnesses['] bogus accounts of aggravated Assault in the 3rd degree when based off of alledged [sic] victim's statement of breaking and entry, [burglary], and [vandalism] of breaking a window to a home which was secure as well as inhabited by myself . . . ." Declaration ¶ 5. He states the police did not "question[] the alterior [sic] motives of alledged [sic] victim an actual negligence of Justice has [occurred] . . . ." *Id.* He

2

included a portion of a transcript where an unidentified person with the initials CF was speaking with someone with the initials AC, presumably Detective Angel Camacho. CF stated he and his girlfriend, Diamond, "banged on the door; we banged on the door like who in there? Like somebody in there locked the door" and they "broke the window" so Diamond could "climb through the window . . . to unlock the door." Complaint Exhibit A.

### III. STANDARD OF REVIEW

**A. Standards for a Sua Sponte Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915 because Plaintiff is a prisoner proceeding *in forma pauperis*.[1]

---

[1] Although Plaintiff is no longer incarcerated, he was confined in South Woods State Prison at the time he filed his complaint.

3

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[2] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must

---

[2] "[T]he legal standard for dismissing a complaint for failure to state a claim . . . is identical to the legal standard employed in ruling on 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

4

allege sufficient facts in their complaints to support a claim."
*Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

§ 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**IV. ANALYSIS**

It is not entirely clear what claims Plaintiff intended to raise, but construing the complaint liberally the Court infers

Plaintiff was attempting to raise false arrest and false imprisonment claims.

**A. False Arrest and Imprisonment**

"The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause." *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 913 (2017). "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012). "Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *O'Connor v. City of Phila.*, 233 F. App'x 161, 164 (3d Cir. 2007) (internal quotation marks and citation omitted).

Plaintiff has not provided enough facts for this Court to reasonably infer that his false arrest and false imprisonment claims, if those are in fact the claims Plaintiff intended to raise, are facially plausible. *Fowler v. UPMS Shadyside*, 578

F.3d 203, 210 (3d Cir. 2009) (citation omitted). As best as the Court can discern, Plaintiff is alleging CF and his girlfriend broke into Plaintiff's home, somehow resulting in Plaintiff's arrest on assault charges. Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court will therefore dismiss these claims for failure to state a claim. Plaintiff may move to amend his complaint if he can provide sufficient facts regarding the circumstances of the arrest that would enable the Court to reasonably infer the officers lacked probable cause to arrest Plaintiff.

Plaintiff cannot bring claims under § 1983 based on CCPD's and Detective Camacho's failure to file criminal charges against CF and his girlfriend. *See Leeke v. Timmerman*, 454 U.S. 83, 85–87 (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) ("[Plaintiff] has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual."). This claim is dismissed with prejudice.

**B. State Law Claims**

To the extent Plaintiff's complaint could be construed as raising state law negligence claims,[3] Plaintiff has failed to state a claim based on Detective Camacho's failure to file criminal charges against CF and his girlfriend. This claim is also dismissed with prejudice.

**C. Camden County Police Department**

Plaintiff has additionally failed to state a claim against the CCPD because he has not met the standard for pleading municipal liability. A police department is just a department of a municipality's government, here Camden County, not an entity that can sue or be sued in its own right. *See* N.J. STAT. ANN. § 40A:14-118 (municipal police department is "an executive and enforcement function of municipal government"); *Woodyard v. Cty. of Essex*, 514 F. App'x 177, 181 (3d Cir. 2013) ("[A] municipal police department is not an entity separate from the municipality[.]"); *Padilla v. Twp. of Cherry Hill*, 110 F. Appx. 272, 278 (3d Cir. 2004) ("In Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity." (internal citations omitted)).

---

[3] Plaintiff's complaint is written on a New Jersey Notice of Tort Claims form and alleges a "negligence of Justice."

"A municipality or other local government may be liable under [§ 1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 692 (1978)). "There is no *respondeat superior* theory of municipal liability, so a city may not be held vicariously liable under § 1983 for the actions of its agents. Rather, a municipality may be held liable only if its policy or custom is the 'moving force' behind a constitutional violation." *Sanford v. Stiles*, 456 F.3d 298, 314 (3d Cir. 2006) (citing *Monell*, 436 U.S. at 691).

"Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 60–61 (quoting *Monell*, 436 U.S. at 691). "In either instance, 'a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of policy or [an] acquiescence in a well-settled custom.'" *Estate of Massey v. City of Philadelphia*, 118 F. Supp. 3d 679, 696 (E.D. Pa. 2015)

(quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990) (alteration in original)).[4]

Plaintiff has failed to sufficiently allege Camden's municipal liability. He has not alleged there was an unconstitutional policy, practice, or custom that caused his injury. Moreover, "proof of the mere existence of an unlawful policy or custom is not enough to maintain a § 1983 action. A plaintiff bears the additional burden of proving that the municipal practice was the proximate cause of the injuries suffered." *Bielevicz*, 915 F.2d at 850. Plaintiff may amend his complaint to include a claim against Camden County if he can allege sufficient facts to plead that a policy or custom was the moving force behind his injuries.

**D. Leave to Amend**

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). As Plaintiff may

---

[4] "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict. Government custom can be demonstrated by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Kirkland v. DiLeo*, 581 F. App'x 111, 118 (3d Cir. 2014) (internal quotation marks and citations omitted) (alteration in original).

be able to provide facts supporting his allegations, he may move to amend his complaint within 30 days of this Opinion and Order.

Plaintiff should note that when an amended complaint is filed, the complaint no longer performs any function in the case and cannot be utilized to cure defects in the complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). The amended complaint may adopt some or all of the allegations in the complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* Plaintiff's new complaint may not include claims that were dismissed with prejudice.

**V. CONCLUSION**

For the reasons stated above, the complaint is dismissed without prejudice, with the exception of claims based on defendants' failure to file criminal charges against CF and his girlfriend. Plaintiff may move to amend his complaint within 30 days.

An appropriate order follows.

| | |
|---|---|
| **June 13, 2018** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | U.S. District Judge |